## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSEPH A. O'TOOLE,

      Plaintiff,

  vs.                                             CIVIL NO. 99-1426 LH/RLP

NORTHROP GRUMMAN CORP.,

      Defendant.

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO STAY AND COMPEL
### THE NORTHROP GRUMMAN GRIEVANCE PROCEDURE

THIS MATTER having come before the court on Plaintiff's Motion to Stay and Compel the Northrop Grumman Grievance Procedure **(Docket No. 15)**, the court having read the motion and the memoranda in support of and in opposition to the motion, finds that the motion is not well taken and will be **denied.**

### BACKGROUND

Plaintiff Joseph O'Toole, an employee of Defendant, Northrop Grumman Corporation, originally filed this action against his employer in state court,[1] Defendant removed this matter to this court on December 10, 1999.  This action involves a dispute about Plaintiff's right to contractual reimbursements and other relocation benefits related to his transfer from San Diego, California to Los Alamos, New Mexico.

The parties do not dispute that Northrop Grumman has a grievance procedure that

---

[1]Plaintiff filed this action on October 25, 1999 in the First Judicial District Court, County of Los Alamos, State of New Mexico.

covers employees who feel they have not been treated in accordance with company policy. Plaintiff took advantage of this procedure and submitted his initial grievance in March 1997.  His grievance was resubmitted in March 1998.  In May 1998 there was an attempt by the parties to settle Plaintiff's grievance.  Negotiations continued until September 1998 and no further attempts were made to settle at that time.[2]

Since this case has been pending in this court, the parties have cooperated in setting a case management plan, participated in discovery,[3] and attended a settlement conference.

## DISCUSSION

The parties do not dispute Plaintiff's claims are subject to arbitration.  However, Defendant maintains Plaintiff waived his right to arbitrate by litigating this case in state and federal court over the past year.

A party's right to arbitrate may be waived.  *Reid Burton Constr., Inc. v. Carpenter's District Council,* 614 F.2d 698 (10th Cir. 1980).  The Tenth Circuit has outlined six questions a court should answer when analyzing whether a party has waived the right to arbitrate.  *See Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 39 F.3d 1482, 1489 (10th Cir. 1994).  The relevant areas of inquiry are as follows:

1.      Is the affected party's actions inconsistent with the right to arbitrate?

---

[2]According to Defendant's grievance procedure, if Plaintiff was dissatisfied with the company's proposed settlement, the next step was to request in writing that the management appeals committee review the grievance.  Plaintiff never took his grievance to this level.

[3]Discovery closed on August 14, 2000.

2

2.      Has the litigation machinery been substantially invoked?

3.      Has the affected party requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay?

4.      Has a defendant seeking arbitration filed a counter-claim without asking for a stay?

5.      Has a party taken advantage of judicial discovery procedures?

6.      Has the delay prejudiced the opposing party?

In analyzing these factors, the court determines that Plaintiff has waived his right to arbitrate. First, this action has been pending in state and federal court for the last year. Aside from the instant motion, there was no request to arbitrate made by Plaintiff during the pendency of this action. Secondly, a great deal of legal work has been accomplished on this case as evidenced by the fact that substantial case management and discovery has been completed. A settlement conference has been held and the parties have concluded discovery. Lastly, the court finds that Defendant would be prejudiced if arbitration were to be ordered at this late juncture. The parties have now completed paper discovery and a number of depositions. Defendant's strategy for defending the case has been cast. Strategy for defending against a claim in court can be wholly different from defending against a claim in arbitration, where the likelihood of some recovery by the claimant is greater. The preparation of this case for trial on the merits is substantially complete. To now require Defendant to change course, after a substantial amount of time and expense has been incurred, would result in unfairness and prejudice to Defendant.

3

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Stay and Compel the

Northrop Grumman Grievance Procedure is denied.

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
United States Magistrate Judge

Alexander A. Wold, Jr., Esquire -  Attorney for Plaintiff
Scott Gordon, Esquire - Attorney for Defendant