IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOSEPH O'TOOLE,

      Plaintiff,

v.                                            CIV. No 99-1426 LH/RLP-ACE

NORTHROP GRUMMAN,

      Defendant.


**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment on Plaintiff's Alleged Consequential Damages (Docket No. 18).  The Court, having considered the briefs on file, as well as applicable case law, and being fully advised, for the reasons that follow, concludes that this motion is well taken and shall be **granted.**  The granting of this motion will result in the **dismissal of this case in its entirety**, obviating the need for the motion hearing, currently set on December 21, 2000 at 9 a.m.  According, this hearing is hereby **vacated** and the case is **dismissed**.  A Final Judgment shall be filed simultaneously and in accordance with this Memorandum Opinion and Order.

**Legal Standards**

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be "no genuine issue as to any material fact," because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Plaintiff has filed a complaint for an alleged breach of contract. Damages are an integral element of such a cause of action, in both New Mexico and in New York. Plaintiff's primary complaint is that Defendant did not pay him relocation costs to which he was entitled, when he moved to Los Alamos in 1996.[1] In its motion, Defendant challenges the damages portion of Plaintiff's case. Specifically, Defendant argues that Plaintiff cannot recover his alleged damages, because the damages were not contemplated by the parties at the time they negotiated the relocation agreement for Plaintiff's move from San Diego to Los Alamos in 1996. As explained further below, I conclude that there is "no genuine issue as to any material fact" surrounding damages, because Plaintiff has failed to make a sufficient showing on this essential element of his case. Because damages are an essential element of Plaintiff's case and he has not sufficiently established that he could be entitled to damages, the case must be dismissed.

---

[1] The Complaint contains these relevant allegations: "5. The defendant contracted with the plaintiff to move him from San Diego, California, to Los Alamos, New Mexico. 6. In consideration for this move, the defendant agreed to pay the plaintiff certain reimbursements to compensate him for this move."

**Discussion**

Defendant's motion for summary judgment was filed on September 7, 2000. Rather than timely and properly file a response on the merits, Plaintiff filed a motion to stay Defendant's motion (Docket No. 20). Plaintiff stated that the reason for his second motion to stay was that he had already served a Motion to Stay and Compel Arbitration which, if granted, would render Defendant's summary judgment motion moot. Due to Plaintiff's failure to properly respond to the merits of Defendant's motion in a timely manner pursuant to Local Rule 7, the Court could have construed Plaintiff's actions as consent to grant Defendant's motion.[2]

Even though Magistrate Judge Puglisi denied Plaintiff's Motion to Stay and to Compel Arbitration on September 26, 2000 (Docket No. 23), Plaintiff still did not file a response to the Defendant's motion for summary judgment until November 21, 2000 (Docket No. 31). There is no question that the Court would be justified in granting Defendant's summary judgment motion purely on the grounds that Plaintiff's response to the motion is untimely under this Court's Local Rule 7. Rather than dismiss the case on a procedural technical failure however, the Court has elected to evaluate the merits of the case. Despite Plaintiff's extensive failure to follow the Court's rules, I have carefully reviewed Plaintiff's brief to ascertain if he has any factual basis whatsoever that might, under either New York or New Mexico law, entitle him to any of the ten categories of damages that he claims.

In its Statement of Material Facts, Defendant lists those items that it understands to constitute the damages sought by Plaintiff in this matter. In his response, Plaintiff has failed to

---

[2] Specifically, Local Rule 7.5(b) provides in part: "Failure to serve (or file, if required by these rules) a response in opposition to any motion constitutes consent to grant the motion."

comply with Court rules. Contrary to Local Rule 56.1(b), Plaintiff did not provide a concise statement of the material facts as to which he contends a genuine issue exists. *See* D.N.M. LR-CIV. 56.1(b). Because Plaintiff has not controverted Defendant's material facts in the manner required by this local rule[3], all of Defendant's material facts will be deemed admitted, as provided by that rule. Specifically, Defendant's rendition of the consequential damages sought by Plaintiff will be deemed admitted and accepted by the Court as being the damages sought by Plaintiff in this case.[4]

Paragraph 2 of Defendant's Statement of Material Facts lists each of the ten items sought by Plaintiff in this litigation. Along with this list, Defendant cites the Court to places in Plaintiff's deposition testimony where he admits that Defendant never agreed to compensate him for each item listed. The Court has checked Defendant's references to the deposition testimony and concludes that Defendant has fairly and accurately represented this testimony to the Court. As noted above, Plaintiff has failed to controvert any portion of Defendant's Statement of Material Facts, including its crucial second paragraph. Accordingly, it is accepted in its entirety by the Court. In other words, because it is undisputed by Plaintiff, the Court must accept that Defendant never agreed to compensate Plaintiff for any of the elements of damages sought by Plaintiff in this litigation. This disposes of Plaintiff's claims.

In an abundance of caution, I have carefully reviewed Plaintiff's brief only to discover that it contains no substantiated facts. From what I can gather, it is Plaintiff's position that he should

---

[3] Local Rule 56.1(b) further requires that, in a memorandum in opposition to the motion, "[E]ach fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed."

[4] In his response brief, Plaintiff indicates that he has dropped the claim for attorney fees (Item 1.18), leaving ten claims.

have received the same relocation benefits he had received when he made an earlier move, in that instance to San Diego. He makes the statement that "Rita Ponte and her boss both told Mr. O'Toole that he would get the same benefits as he had when he went to San Diego." (Plaintiff's Brief at p. 8). He relies on a portion of his own deposition to support this statement. A review of the pages he purportedly relies upon show that Plaintiff interprets some undisclosed exhibit to support his conclusion about the relocation benefit he should receive. He testified that he interprets the undisclosed exhibit to mean that "they approved using Prudential Relocation Services for [his] long-term field assignment." The Court is without information as to what this interpretation even means. The Court is further without information as to how Prudential Relocation Services relate to the issues at hand. The Court concludes that this deposition testimony does nothing to establish what the agreement or expectations of the parties were, with regard to reimbursement to Plaintiff for the ten categories of damages he seeks in this litigation. This deposition testimony does *not* support the proposition for which Plaintiff relies upon it.

Plaintiff's brief also states that Defendant conceded it owed Plaintiff certain damages that it has never paid (Plaintiff's Brief at p. 6). In support of this statement, Plaintiff refers the Court to Defendant's Exhibit D. This is a May 4, 1998 memo to Plaintiff from Daniel L. Nettuno and apparently relates to Plaintiff's "Employee Grievance". Although it appears that, in this memo, Defendant conceded that it may owe some items of reimbursement to Plaintiff, it does not appear that these items are the subject of Plaintiff's claims in this lawsuit. Conversely, it appears that the ten categories for which Plaintiff seeks reimbursement in this lawsuit, are expressly disallowed reimbursement in this memo. This memo is irrelevant to the Court's analysis of this motion.

Finally, Plaintiff attempts to have the Court factually rely upon his Exhibit 1, which is

entitled, "Agreement on the Secondment of Personnel for Participation in the Engineering Design Activities for the International Thermonuclear Experimental Reactor". Plaintiff argues that Article 3.1 of this agreement establishes that policies may "change only as long as the change was applicable to the whole company and not just the seconded person." (Plaintiff's Brief at p. 7). It is impossible for the Court to ascertain if or how this document specifically relates to this lawsuit.

**Conclusion**

This is a simple case for breach of contract damages. Defendant has demonstrated in the manner provided by FED.R.CIV.P. 56 that Plaintiff's claim for relocation costs has no factual basis before the Court. By properly using Plaintiff's uncontroverted deposition testimony, Defendant has made a proper showing of a lack of a genuine, triable issue of material fact regarding damages. It is simply undisputed that Defendant never agreed to pay and never contemplated paying to Plaintiff the ten elements of damages that he seeks. Accordingly, this case is properly dismissed and must be dismissed under FED.R.CIV.P. 56.

**WHEREFORE,** for the reasons stated herein, this case is **dismissed in its entirety.** A Final Judgment shall be filed simultaneously with this Memorandum Opinion and Order.

**FURTHERMORE,** the motion hearing, currently set on December 21, 2000 at 9 a.m. is hereby **vacated.**

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE