IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

03 MAR 18 PM 2:20

JOSEPH A. O'TOOLE,

Plaintiff,

vs.　　　　　　　　　　　　　　　　　CIV NO. 99-1426 LH/RLR

NORTHROP GRUMMAN CORP.,

Defendant.

## UNCONTESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

1. Mr. O'Toole was an employee for Grumman Aerospace, and then Northrop Grumman, its successor, for 27 years, from 1970 until 1997. In 1994, he was seconded (loaned) to the federal government to work on a project in San Diego.

2. In 1996, Plaintiff relocated from San Diego, California, to Los Alamos, New Mexico.

3. Plaintiff Joseph O'Toole ("O'Toole") is an engineer who was hired as a full time employee of Grumman Aerospace Corporation (Grumman) in June, 1970.

4. In December, 1995, it was determined that O'Toole's work on the ITER project in San Diego would no longer be funded by the U.S. Department of Energy. O'Toole's work in San Diego was scheduled to end in April, 1996.

5. In subsequent conversations between O'Toole and Tony Favale, a Northrop Grumman manager, Northrop Grumman agreed that reimbursement of O'Toole's relocation



expenses should not be subject to a cap of $60,000. Otherwise, there were no further modifications of the May 22, 1996 Relocation Agreement. O'Toole and Favale specifically reiterated the agreement that relocation expenses would be limited by the FAP.

6. O'Toole moved from his first rental house in Los Alamos to a second rental house in Los Alamos in July 1997. O'Toole moved from the second rental house to a third rental house in May 1998. O'Toole moved from the third rental house to a house that he purchased in Los Alamos in September 1998.

7. O'Toole submitted a claim for reimbursement of the lost mortgage interest deduction ("Grievance" (Itemized), Ex. R), and the claim was denied by Northrop Grumman.

8. Northrop Grumman never made O'Toole any promise to pay attorney fees.

**CONCLUSIONS OF LAW**

1. This court has jurisdiction over the parties and the subject matter.

2. New York law controls resolution of the contract issues. O'Toole v. Northrop Grumman Corp., 305 F.3d 1222, 1225 (10th Cir. 2002).

3. In order for a promise to be legally enforceable, there must be an offer, an acceptance, consideration and mutual assent. Camrex Contractors (Marine) Ltd. v. Reliance Marine Applicators, 579 F. Supp.1420, 1430 (E.D.N.Y. 1984) (applying New York law) (citing 17 Am. Jur. 2d Contracts § 10 (Supp. 1983)).

4. For there to be mutual assent, the parties must have had the same understanding of the material terms of the agreement, or a "meeting of the minds." Int'l Paper Co. v. Suwyn, 966 F. Supp. 246, 254 (S.D.N.Y. 1997) (citing Brands v. Urban, 587 N.Y.S.2d 698, 700 (App. Div. 1992); May v. Wilcox, 582 N.Y.S.2d 294, 294 (App. Div. 1992)).

5. The parties to an agreement may modify the terms of the existing agreement. Oil Trading Assocs. v. Texas City Refining, Inc., 201 F. Supp. 846, 852 (S.D.N.Y. 1962) (applying New York law). In order for a modification of a contract to be effective, there must be mutual assent to the modification. Id.

6. If a party fails to perform a contractual obligation when that performance is called for, there is a breach of contract. See New York State Elec. & Gas Corp. v. State, 630 N.Y.S.2d 412, 414 (App. Div. 1995)

7. "However, the law does not permit the injured party to recover damages for losses that could have been avoided by taking reasonable and appropriate steps." Inchaustegui v. 666 5th Ave. Ltd. P'ship, 706 N.Y.S. 2d 396, 399 (App. Div. 2000), aff'd 749 N.E.2d 196 (N.Y. 2001).

ALEXANDER WOLD & ASSOCIATES, P.C.

By _____
Alexander A. Wold, Jr.
Attorney for the Plaintiff
302 Silver Ave. SE
Albuquerque, NM 87102
(505) 242-3444

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____
Scott D. Gordon
Attorney for Defendant
Post Office Box 1888
Albuquerque, NM 87103
(505) 765-5900