IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW MEXICO

JOSEPH O'TOOLE,            )
                           )
        Plaintiff,         )   CIV 99-1426 LH/RLP
                           )
    v.                     )
                           )
NORTHROP GRUMMAN CORP.,    )   MEMORANDUM OPINION
                           )
        Defendant.         )
_____)

This matter is before the Court on remand from the United States Court of Appeals for the Tenth Circuit. This is the fourth remand of this case. (*See* Filing Nos. 56, 83, 98, and 126). On remand, this Court has been mandated to entered an amended judgment in favor of Joseph O'Toole (Mr. O'Toole) that:

> (1) awards damages based on the quarter-by-quarter earnings rate for the U.S. Equity Fund through the date of the amended judgment;
>
> (2) grosses up the damages award consistent with the applicable tax rates.

Only these two tasks remain to be completed by the Court.[1]  For

---

[1] Mr. O'Toole's briefs contain a suggestion that the record should be reopened for the receipt of more evidence. Specifically, Mr. O'Toole proposes the Court calculate his lost Savings and Investment Plan ("SIP") earnings using the earnings rate for funds other than the U.S. Equity Fund. (*See* Filing No. 135 at p. 3). The Tenth Circuit, however, ruled this Court "did not err in finding that Mr. O'Toole would have left his money in the U.S. Equity Fund." *O'Toole v. Northrop Grumman Corp.*, 364 Fed.Appx. 472, 477 2010 WL 423121 (10th Cir. 2010) (*O'Toole IV*). Thus, this suggestion is rejected by the Court.

detailed recitations of the facts of this case, see Filing Nos. 56, 78, 83, 88, 98, 118 and 126.

## DISCUSSION

### A. Damage Award Based on the Quarter-by-Quarter Earnings Rate for the U.S. Equity Fund

The parties agree the proper calculations for Mr. O'Toole's lost SIP earnings, using only the U.S. Equity fund, based on a quarter-by-quarter earnings rate of return, are performed in Mr. O'Toole's Second Amended Supplemental Brief on Damages (*See* Filing No. 135 at Exhibit 2, Table 3; Filing No. 138 at p. 7 n.2).  This amount is $61,582.54.  Thus, the Court will determine gross-up based upon the $61,582.54 award.

### B. Gross-Up

"'Gross-up' is the name given to an increase in the damage award to offset the taxes that will be payable on the award."  *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1226 (10th Cir. 2007) (*O'Toole III*).  The parties agree, using current tax tables, the Court's amended damage award should be taxed at the federal marginal income tax rate of 33%, IRC § 1(b), and a state marginal tax rate of 4.9%, NMSA 1978, § 7-2-7 (B) (2008), for a combined marginal tax rate of 37.9%.  (*See* Filing No. 142 at p. 5).

As defendant provides, the formula to gross-up a damage award is $x=i/(1-r)$, where "x" is the net amount that will be paid

after gross-up, "i" is the award to be grossed up, and "r" is the tax rate. *Anchor Sav. Bank, FSB v. U.S.*, 81 Fed. Cl. 1, 135 n. 53 (Fed. Cl. 2008), *aff'd in part, remanded in part*, 591 F.3d 1356 (Fed. Cir. 2010). Here, the amount to be grossed up is $61,582.54, and the combined federal and state tax rate is 37.9%. Applying the gross-up formula, the total award is calculated as follows: $61,582.54/(1-.379) = $99,166.73. This is the total amount that should be awarded to Mr. O'Toole in this Court's amended judgment.

Mr. O'Toole argues the Federal Alternative Minimum Tax rate ("AMT") will add significantly to his tax burden. "The AMT is a separately figured tax that eliminates many deductions and credits, thus increasing tax liability for an individual who would otherwise pay less tax." (*See* Internal Revenue Service, Individuals, Main Index of Tax Topics, Topic 556 - AMT, *available at* http://www.irs.gov.taxtopics.tc556.html.)

Defendant concedes it is theoretically possible that, depending on the nature and extent of Mr. O'Toole's itemized deductions, the application of the AMT may result in a tax burden on Mr. O'Toole in 2011 that would be higher than the tax burden calculated using the regular rates. In the event such occurs after Mr. O'Toole files his 2011 tax return, the Court will allow Mr. O'Toole to file a motion for reconsideration or to amend judgment with this Court to adjust the award accordingly.

**CONCLUSION**

The Court finds that Mr. O'Toole is entitled to an amended damages award of $99,166.73 for the reasons stated. A separate order will be entered in accordance with this memorandum opinion.

DATED this 3rd day of June, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court